**INDUSTRIAL COMMISSION v ST JOHN**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1248. Decided Jan 26, 1934

John W. Bricker, Attorney General, Columbus, R. R. Zurmehly, Ass't Attorney General, Columbus, Calvin Crawford, Prosecuting Attorney, Dayton, for plaintiff in error.

Ozias & Ozias, Dayton, and W. S. Rhotehamel, Dayton, for defendant in error.

with care. We have also considered the record in the case. The only errors stressed in the brief of counsel for plaintiff in error are,

(1) That the court erred in the admission of evidence.

(2) That a consideration of the competent evidence does not show that decedent's death was due to the injury.

Without attempting to quote the testimony in detail, and it will be unnecessary so to do, as counsel are familiar with the same, we are of opinion, from a consideration of the record, that there is ample competent evidence in the record to warrant the finding that the death of Alfred St. John was due to an injury received by him in the course of his employment with the Duriron Company.

At least, we are satisfied that this court would not be justified in holding that the finding of the lower court was against the manifest weight of the evidence in this respect.

The other ground relates to the admission of the records of the Industrial Commission of Ohio relating to the proceedings had not only upon the application of plaintiff Etta St. John, but also upon the application of her husband, Alfred St. John filed a short time prior to his death.

We concede that the introduction of some of the papers so admitted does not constitute approved practice, but upon a consideration of the entire record, we are unable to see how the plaintiff in error was prejudiced by such introduction. The affidavits of certain doctors and others were introduced but these same people upon a rehearing were produced and were cross examined at length by counsel for plaintiff in error.

The question of the admissibility of this evidence was considered at length by Judge Cecil of the Common Pleas Court. He reviewed this question in detail, as disclosed by his written opinion, and we think his ruling should be sustained for the reasons stated in such opinion. From our consideration of the record we are of opinion that the plaintiff in error was not prejudiced by the ruling of the trial court upon the question of admissibility of testimony. Finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

**OPINION**

By KUNKLE, J.

Counsel have favored the court with exhaustive briefs which we have examined

HORNBECK, PJ, and KUNKLE, J, concur.